# COUNTY OF HANCOCK.

- SWETT, *complainant, versus* STUBBS.

After exceptions have been filed and overruled, the prevailing party is entitled to judgment.

In that stage, the case is no longer open to the introduction of testimony to prove a fact, upon a motion to prevent the judgment.

Neither would the *admission* of the fact put the motion in any more favorable position than *proof* of it would do.

ON FACTS AGREED.

BASTARDY PROCESS.

A verdict had been rendered for the complainant. After exceptions had been filed and overruled, 33 Maine, 481, the respondent's counsel suggested that the complainant had been lawfully married to another man, subsequent to those proceedings. The fact was admitted.

The parties submit the case to the full Court for such judgment as they shall think proper.

*T. C. Woodman,* for the complainant.

1. Judgment should be rendered for the complainant. The objection of coverture could only be taken by plea in abatement, as matter which arose *puis derrein continuance,* and should have been pleaded within the first three days. The counsel for the respondent, however, has merely *suggested* the coverture, and that on the ninth day of the term. He does not plead it.

2. But should the objection prevail, it is agreed by the parties that the husband may be joined. If that be done, judgment may be rendered in their favor, in accordance with the provisions of ch. 115, § 82, R. S., on the ground that a bastardy process is an action, or suit, within the meaning of that section, which provides that the husband may be admitted as a party to a suit commenced by the wife, *dum sola. Williams* v. *Campbell,* 3 Metc. 209; *Eaton* v. *Elliot,* 28 Maine, 436.

*John A. Peters,* for the respondent.

In a proceeding of this kind a husband must join. *Wilbur* v. *Crane,* 13 Pick. 284; 16 Maine, 38.

By common law, if a *femme sole,* in any proceeding where a husband should join, marries during its pendency, it will abate such proceeding. *Haines* v. *Corliss,* 4 Mass. 659; *Swan* v. *Wilkinson,* 14 Mass. 295.

The R. S. chap. 115, § 82, provides that, "in any *action or suit,*" the husband may, on motion, come in and be joined.

But this is neither an *action* or *suit.* It is merely a complaint.

In *State* v. *Stuart,* 23 *Maine,* 114, this Court has decided that an indictment cannot be included in the term, "suits at law." If then an indictment is not a suit at law, neither can a complaint be one.

In *State* v. *Bangor,* 30 Maine, 341, there was a remedy for the heirs of an individual by form of indictment, although in reality and effect a civil proceeding; a remedy for *persons,* not for *the State.* It was under § 89, chap. 25 of the R. S. The Court in that case decided it to be so much of a crimi-

nal proceeding that sects. 15 and 16, of chap. 146, which limited forfeitures to persons, would not apply.   But the statute in that case was in all respects as much for the benefit of an individual as the chapter upon which this proceeding is founded.

In § 1, chap. 133, R. S., relating to testimony and depositions, it is stated, that depositions may be used in *all civil causes* and also in prosecutions for the maintenance of bastard children.   This shows the legislative impression.   True, there are incidents to this process of a civil nature, but the same are all specially given.   The proceeding is, after all, a criminal one ; is founded on a criminal act; has all the form of criminal proceeding, only different where the civil can add to, instead of take from, its rigor of execution.

In *Cummings* v. *Hodgdon,* 13 Metc. 246, there is a late, full review of all the cases, wherein it is decided, that such a proceeding has day in a criminal term and not in a Court of merely civil jurisdiction.

It may present an anomaly, that a husband must join and cannot join.   But all special remedy, not in accordance with the great current of the common law, will present imperfection and difficulties.   When the statute gives a new proceeding, it is apt to make imperfect provision for the unforeseen positions which may arise.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

SHEPLEY, C. J., — A verdict had been found for the complainant in a prosecution alleging, that the respondent was the father of her illegitimate child.

Exceptions having been taken, and a decision having been made overruling them, the complainant was entitled to judgment.   The counsel for the respondent interposed to prevent it, alleging that the complainant had been recently married. The objection could not prevail.   The case could not be opened to receive testimony respecting her marriage.   The fact could not be put in issue.   The admission of the fact is not

one that can be regarded as in the case to affect her rights already decided and established.

The paper signed by counsel can have no greater effect than a motion made by respondent's counsel, the truth of which is admitted, and its proposed effect denied. Such a motion could not be entertained to prevent the entry of a judgment.                               *Judgment on the verdict.*